THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

JLE

April 1, 2022

Opposition No. 91264393

*Icon Health & Fitness, Inc.*

*v.*

*Eifit LLC*

**Jennifer L. Elgin, Interlocutory Attorney:**

This proceeding comes before the Board for consideration of Applicant Eifit LLC's motion (filed September 20, 2021) to strike Opposer Icon Health & Fitness, Inc.'s trial evidence.[1] The motion is opposed.[2]

## I.     Relevant Background

Applicant seeks registration of the mark EIFIT in standard characters for "Athletic pants; Athletic shirts; Athletic shorts; Athletic tights; Bomber jackets; Gym

---

[1] 20 TTABVUE. Although Applicant's motion is entitled "Motion to Strike Testimony," Applicant requests that the Board strike both declaration testimony and evidence filed under Opposer's notices of reliance. Accordingly, the Board considers the motion to request striking both types of evidence. Record citations are to the publicly available filings in TTABVUE, the Board's docket history system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020).

[2] 24 TTABVUE. The Board has considered the parties' briefs and evidence submitted therewith, but addresses the record only to the extent necessary to support the Board's analysis and findings, and does not repeat or address all of the parties' arguments or evidence. *Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

pants; Hats; Hoodies; Jogging pants; Socks; Sports bras; Sweat jackets; T-shirts; Tank tops; Track jackets; Track pants; Under garments; Windbreakers; Women's athletic tops with built-in bras; Short-sleeved or long-sleeved t-shirts" in International Class 25.[3] The notice of opposition claims likelihood of confusion with Opposer's common law and registered marks that include variations of the term IFIT in connection with goods and services in International Classes 5, 9, 20, 25, 41, and 42.[4] Applicant denies the salient allegations of the notice of opposition and asserts eight affirmative defenses.[5]

Opposer timely filed seven notices of reliance with attached exhibits, and the testimony declarations of three of its employees – Emily Wilson, Craig Stevenson, and Chase Watterson.[6] Applicant moved to strike Opposer's Notices of Reliance Nos. 4, 5, and 7 in their entireties and portions of each testimony declaration and exhibits.[7]

---

[3] Application Serial No. 88783505 was filed February 3, 2020 based on an allegation of bona fide intent to use the mark in commerce under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b).

[4] *See* 1 TTABVUE 6-8 (citing common law rights in the mark IFIT in connection with "a variety of exercise and fitness products and services"; Registration Nos. 2466474 for IFIT.COM in standard characters for services in International Class 42; 2618509 for IFIT in standard characters for goods and services in International Classes 28 and 41, 3755592 for I-FIT in stylized format for goods in International Class 25; 4450213 for IFIT in standard characters for services in International Class 41; 4500591 for IFIT in standard characters for services in International Class 42; 4604633 in standard characters for IFIT for goods in International Class 9; 5228698 for IFIT in standard characters for goods in International Class 20; 5382573 for IFIT in standard characters for goods in International Class 5; 5530425 for IFIT in standard characters for goods in International Class 9; and 5500842 for IFIT in standard characters for goods in International Class 25).

[5] *See* 5 TTABVUE.

[6] *See* 8-19 TTABVUE. Opposer's testimony period closed Sunday, August 29, 2021. 6 TTABVUE, 7 TTABVUE. Opposer's evidence, filed Monday, August 30, 2021, is considered timely. *See* Trademark Rule 2.196, 37 C.F.R. § 2.196.

[7] 20 TTABVUE.

The following day, Opposer filed a "Corrected Notice of Reliance #4" which supplies an exhibit erroneously omitted from Opposer's initial filing.[8]

On October 11, 2021, Opposer concurrently filed its response to Applicant's motion to strike,[9] an amended Notice of Reliance No. 5;[10] and an amended testimony declaration of Ms. Wilson.[11] Applicant did not file a reply brief.

## II.  Motion to Strike

Applicant's motion to strike raises objections based on procedural and substantive grounds. "Objections to testimony or to a notice of reliance grounded in asserted procedural defects are waived unless raised promptly, when there is an opportunity to cure." *Barclays Cap. Inc. v. Tiger Lily Ventures Ltd.*, 124 USPQ2d 1160, 1163 (TTAB 2017). *See also Corporacion Habanos SA v. Guantanamera Cigars Co.*, 102 USPQ2d 1085, 1093 (TTAB 2012) (relevance objection waived where raised for first time with brief because procedural deficiency could have been cured if objection had been timely raised); *Beech Aircraft Corp. v. Lightning Aircraft Co.*, 1 USPQ2d 1290, 1291 (TTAB 1986) (objection waived where respondent received notice of reliance without referenced publications appended thereto but did not raise the issue until briefing); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP)

---

[8] 22 TTABVUE. On October 11, 2021, the parties filed a "Joint Stipulation Re Withdrawal of Applicant's Motion to Strike Testimony (Notice of Reliance No. 4)" in light of Opposer's corrected Notice of Reliance No. 4. *See* 23 TTABVUE. Accordingly, amended Notice of Reliance No. 4 is **accepted** and made of record and Applicant's motion to strike is deemed **moot** with regard to Opposer's amended Notice of Reliance No. 4.

[9] *See* 24 TTABVUE.

[10] *See* 25 TTABVUE; *accord* 24 TTABVUE 16-68.

[11] *See* 26 TTABVUE; *accord* 24 TTABVUE 70-106.

§ 707.02(b) (June 2021). To the extent Applicant's motion to strike alleges procedural deficiencies, it was timely filed. *See Moke Am., LLC v. Moke USA, LLC*, 2020 USPQ2d 10400, at *5 (TTAB 2020) ("*Moke*") (motion to strike testimony timely if filed within the 20-day period to request cross-examination), *civil action* filed, No. 3:20-cv-00400-DJN-EWH (E.D. Va. June 5, 2020).[12]

As to substantive grounds, however, it has long been the policy of the Board not to read trial testimony or review other trial evidence prior to final decision. *See Genesco Inc. v. Martz*, 66 USPQ2d 1260, 1263 (TTAB 2003) (substantive evidentiary issues are deferred until final decision); *Weyerhaeuser Co. v. Katz*, 24 USPQ2d 1230, 1233 (TTAB 1992) ("The Board does not read testimony and consider substantive objections to evidence, or determine the probative value of evidence, prior to final hearing.") (citing *M-Tek Inc. v. CVP Sys. Inc.*, 17 USPQ2d 1070 (TTAB 1990)). *See also* TBMP §§ 502.01 and 707.02(c). The Board will address properly raised substantive grounds for exclusion in its trial ruling.

### A. Notices of Reliance Nos. 5 and 7: Statements of Relevance

Applicant moves to strike Opposer's Notice of Reliance No. 5 (and attached Opposer's Exhibit 14) and Notice of Reliance No. 7 (and attached Opposer's Exhibit 16) on the ground that they do not indicate the relevance of the respective exhibits with sufficient specificity.[13]

---

[12] *See also* Trademark Rule 2.196, 37 C.F.R. § 2.196 and TBMP § 112 (action taken on next succeeding day that is not a Saturday, Sunday or a Federal holiday considered timely).

[13] *See* 20 TTABVUE 3-5. Opposer's seven original notices of reliance introduce Opposer's exhibits one through sixteen. Opposer's testimonial submissions each have lettered exhibits.

Trademark Rule 2.122(g), 37 C.F.R. § 2.122(g), states that a notice of reliance must include a description of the attached evidence and "indicate generally the relevance of the evidence and associate it with one or more issues in the proceeding." Specifically, the offering party must associate the proffered materials with a particular element of a claim or defense, or a relevant fact. *Barclays*, 124 USPQ2d at 1164 ("the offering party should associate the materials with a specific factor relevant to a specific and pleaded claim or defense, or a specific fact relevant to determining a particular claim or defense. . . .") (citing *FUJIFILM SonoSite, Inc. v. Sonoscape Co.*, 111 USPQ2d 1234, 1236-37 (TTAB 2014) and *Safer, Inc. v. OMS Invs., Inc.*, 94 USPQ2d 1031, 1039 (TTAB 2010)). Rule 2.122(g) provides that failure to identify the relevance of the evidence or associate it with issues in the proceeding with sufficient specificity is a procedural defect that can be cured by the offering party. *See STX Fin., LLC v. Terrazas*, 2020 USPQ2d 10989, at *2 (TTAB 2020), *appeal docketed*, No. 22-1192 (Fed. Cir. Nov. 29, 2021).

Turning first to Notice of Reliance No. 7 and Opposer's Exhibit 16, Opposer provides the following identification and statement of relevance:

> A copy of printouts from the Dicks.com, REI.com, Big5sportinggoods.com, and Scheels.com websites are attached hereto as Exhibit 16. These printouts are relevant to the issue of the relatedness of Opposer's and Applicant's goods.[14]

Applicant argues Exhibit 16 is "more than two hundred and fifty (250) pages of Internet screenshots" and "Applicant is unable to parse through this voluminous

---

[14] 13 TTABVUE 3.

production and link it to Opposer's simplistic statement of what factor the production pertains to."[15] Opposer argues its statement of relevance is proper, as "[t]he printouts from the online retailers submitted by ICON are identified as relevant to a single issue, namely the 'relatedness of Opposer's and Applicant's goods.'"[16]

In light of the fact that Exhibit 16 comprises pages from only four websites, the statement of relevance complies with Trademark Rule 2.122(g) by stating that the exhibit is intended to show a relationship between the goods. In view thereof, the motion to strike is **denied** as to Notice of Reliance No. 7 and Exhibit 16.

Turning to Notice of Reliance No. 5 (as originally filed), Opposer identifies Opposer's Exhibit 14 as:

> Various social media posts showing the use of the IFIT Mark in connection with clothing . . . . These social media posts are relevant to show, among other things, dates on which Opposer distributed clothing bearing the IFIT Mark to its fitness trainers and others and otherwise used the IFIT Mark in connection with exercise and fitness apparel.[17]

Applicant argues the statement of relevance is insufficient because "dates could be relevant to priority, length of continuous use, length of simultaneous use, or a myriad of other factors and elements in the likelihood of confusion analysis. Applicant cannot be tasked with guessing which."[18] In response, Opposer merely "disagrees that Notice of Reliance No. 5 lacked the specificity required under the rules."[19]

---

[15] 20 TTABVUE 4, 5.

[16] 24 TTABVUE 4.

[17] 12 TTABVUE 3.

[18] 20 TTABVUE 4.

[19] 24 TTABVUE 3.

The broad statement of relevance fails to comply with Trademark Rule 2.122(g) in that it does not associate the exhibit with a specific fact or a particular element of the claim of likelihood of confusion or defense. *See FUJIFILM SonoSite*, 111 USPQ2d at 1236 (notice of reliance should associate materials with specific likelihood of confusion factor). Accordingly, Applicant's motion to strike Notice of Reliance No. 5 and Opposer's Exhibit 14 as originally filed is **granted**.

Nonetheless, "[t]he failure to properly 'indicate generally the relevance of the material being offered,' . . . is an evidentiary defect that can be cured by the propounding party as soon as it is raised by any adverse party, without reopening the testimony period of the propounding party." *Safer,* 94 USPQ2d at 1040. Opposer offers an amended Notice of Reliance No. 5 in an effort "to amicably resolve this issue" and to "provid[e] additional detail as to the association of the evidence with one or more factors in the analysis of a likelihood of confusion."[20] The proffered amended notice (which is attached as an exhibit to Opposer's response and filed separately) identifies Exhibit 14 as:

> Various social media posts showing the use of the IFIT Mark in connection with clothing . . . relevant to show, among other things, dates on which Opposer distributed clothing bearing the IFIT Mark to its fitness trainers and others and otherwise used the IFIT Mark in connection with exercise and fitness apparel. This is relevant to the issue of priority of use of the IFIT Mark in connection with clothing and continued use of the IFIT Mark in connection with clothing.[21]

---

[20] *Id.*

[21] *Id.* at 17; 25 TTABVUE 3.

The Board construes the amended Notice of Reliance to state that Opposer's Exhibit 14 is offered only to show dates that are relevant to priority and continued use of Opposer's pleaded mark. This statement complies with Rule 2.122(g). To the extent the proffered evidence might be offered to show "other things," however, the statement of relevance is not sufficiently definite. In view thereof, Opposer's Amended Notice of Reliance No. 5 is **accepted** and made of record, as construed herein.

### B. Testimony Declaration of Emily Wilson

Applicant next moves to strike paragraphs 5, 6, and 7 and Exhibit K to the testimony declaration of Ms. Wilson, Opposer's legal assistant.[22]

### 1. Paragraphs 5 and 7

Applicant argues that the Board should strike paragraphs 5 and 7 of Ms. Wilson's declaration concerning allegations of Opposer's newly-filed trademark application and its acquisition of a registration from a third party because the declaration does not include corroboration or provide a copy of the application.[23] Opposer responds that "lack of corroboration speaks to the weight of the evidence—not to admissibility," and "Applicant is also free to depose Ms. Wilson during Applicant's testimony period or confirm Ms. Wilson's statements by viewing the USPTO's public records."[24]

---

[22] *See* 15 TTABVUE.

[23] *See* 20 TTABVUE 5-6.

[24] 24 TTABVUE 5, 6. The Board notes that a party must file and serve a notice of election to orally cross-examine an affiant or declarant within 20 days from the date of service of the affidavit or declaration. Trademark Rule 2.123(c), 37 C.F.R. § 2.123(c). *See also* TBMP § 703.01(e). Applicant did not file any such notice with the Board.

Presumably, by "corroboration," Applicant refers to the facts set forth in the application and surrounding the acquisition. A determination of whether Ms. Wilson's declaration so corroborates the application and acquisition and the appropriate probative value to give to her testimony necessarily requires a review of the declaration. Accordingly, Applicant's motion to strike paragraphs 5 and 7 of Ms. Wilson's testimony declaration is **deferred** until final decision (if such objections are renewed as set forth further herein).

### 2. Paragraph 6 and Exhibit K

Applicant moves to strike Paragraph 6 and Exhibit K to Ms. Wilson's testimony declaration because they introduce Opposer's own response to Applicant's Interrogatory No. 25 (concerning Opposer's enforcement efforts) into evidence. Applicant argues that an answer to an interrogatory, or an admission to a request for admission, may be submitted and made part of the record by only the inquiring party.[25]

In response, Opposer offers an amended testimony declaration—executed by Ms. Wilson outside of Opposer's testimony period—attaching a substitute Exhibit K which recites the same information as provided in its interrogatory response.[26] Nonetheless, Opposer maintains that its submission of the interrogatory response

---

[25] 20 TTABVUE 5-6 (citing TBMP § 704.10 (discussing Trademark Rule 2.120(k), 37 C.F.R. § 2.120(k)).

[26] *See* 24 TTABVUE 5 and 26 TTABVUE (amended testimony declaration).

under cover of Ms. Wilson's original testimony declaration is proper because she is able to testify regarding Opposer's enforcement efforts.[27]

Although Trademark Rule 2.120(k)(5) provides that "[w]ritten disclosures, an answer to an interrogatory, or an admission to a request for admission, may be submitted and made part of the record only by the receiving or inquiring party," the Rule also ensures that "Paragraph (k) of this section will not be interpreted to preclude reading or use of written disclosures or documents, a discovery deposition, or answer to an interrogatory, or admission as part of the examination or cross-examination of any witness during the testimony period of any party." Trademark Rule 2.120(k)(6). Accordingly, as contrasted with submissions under notices of reliance, the Board's rules permit a party to offer its own answers to interrogatories during the examination of a witness, which includes exhibits to testimony declarations. *See W. End Brewing Co. v. S. Australian Brewing Co.*, 2 USPQ2d 1306, 1308 n.3 (TTAB 1987) (considering witness trial testimony regarding veracity of interrogatory responses, citing Trademark Rule 2.120(j)(6)).[28] *Cf. Azalea Health Innovations, Inc. v. Rural Health Care, Inc.*, 125 USPQ2d 1236, 1240 (TTAB 2017) (Rule 2.120(k)(6) permits a party to introduce discovery depositions, including those taken of its own witnesses, during the examination or cross-examination of a witness).

---

[27] 24 TTABVUE 5.

[28] The cited Rule has been renumbered as Trademark Rule 2.120(k)(6). *See* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69950 (Oct. 17, 2016).

In view thereof, Trademark Rule 2.120(k) does not preclude Opposer's offering of its interrogatory response as an exhibit to Ms. Wilson's testimony deposition. Applicant's motion to strike Paragraph 6 and Exhibit K to Ms. Wilson's testimony declaration is **denied**. The amended declaration and substitute exhibit are given no further consideration.

### C. Testimony Declarations of Craig Stevenson and Chase Watterson

Applicant moves to strike numerous paragraphs from and exhibits to the testimony declarations of Mr. Stevenson (Opposer's Product Line Manager for IFIT Apparel)[29] and Mr. Watterson (Opposer's IFIT Vice President of Member Experience)[30] based on lack of authentication and hearsay.[31] Applicant also moves to strike Exhibit K to Mr. Watterson's testimony declaration because it displays a Uniform Resource Locator (URL) of an inaccessible website, and paragraphs 37-44 because they contain legal argument.[32]

### 1. Lack of Authentication (Federal Rule of Evidence 901)

First, Applicant moves to strike paragraphs 3 (Exhibit A), 4 (Exhibit B), 5 (Exhibit C), 12 (Exhibit I), and 13 (Exhibit J) of Mr. Stevenson's testimony declaration[33] and paragraphs 8 (Exhibits D, E, F), 14 (Exhibits G, H, I, J, and K), 21 (Exhibit L), 29

---

[29] *See* 17 TTABVUE 2.

[30] *See* 18 TTABVUE 2.

[31] *See* 20 TTABVUE 6-11.

[32] *Id.* at 11.

[33] *See* 17 TTABVUE.

(Exhibit O), and 34 (Exhibit R) of Mr. Watterson's testimony declaration[34] on the ground that Opposer did not properly authenticate these documents under Fed. R. Evid. 901(a). Applicant asserts that the challenged documents printed from the Internet do not bear a date of access or URL to qualify for self-authentication under the Board's rules, and other documents, such as photographs of items or packaging, are not properly authenticated by the testifying witness.[35]

Opposer first responds that the parties have stipulated to the authenticity of documents produced by each party. *See* Trademark Rule 2.120(k)(3)(ii). Opposer argues that such stipulations do not need to be filed or approved by the Board.[36] The Board disagrees.

Because a stipulation as to authenticity may affect the substance of evidence offered to prove facts, or may affect the form of evidence or testimony in the case, any such stipulation must be filed and approved by the Board. *See* Trademark Rule 2.122(a), 37 C.F.R. § 2.122(a) (unless parties stipulate, the Federal Rules of Evidence and Federal Rules of Civil Procedure apply to Board proceedings). *See, e.g.*, *New Era Cap Co.*, 2020 USPQ2d 10596, at *3 (TTAB 2020) (noting approved stipulation regarding admissibility and authenticity of evidence); *UMG Recordings, Inc. v. O'Rourke*, 92 USPQ2d 1042, 1044 (TTAB 2009) (noting approved stipulation allowing introduction of documents produced by the parties as "authentic business records");

---

[34] *See* 18 TTABVUE.

[35] 20 TTABVUE 6-9.

[36] 24 TTABVUE 6-7 (citing TBMP § 501.02).

*Target Brands Inc. v. Hughes*, 85 USPQ2d 1676, 1678 (TTAB 2007) (noting approval of stipulation as to authenticity of various facts and documents while to entire record, reserving the right to object to such facts and documents on the bases of relevance, materiality and weight).[37] *See also* TBMP §§ 501.02 ("Stipulations that require action or consideration by the Board must be filed with the Board."). Although Opposer submitted evidence that Applicant agreed to a stipulation regarding authenticity (indeed, Applicant proposed it),[38] the parties have not yet filed it for Board approval. Accordingly, the Board cannot consider the parties' stipulation.

Opposer contends, however, that the challenged Internet materials do not require a URL and date of access for purposes of authenticity because they were submitted under cover of testimony declarations, not notices of reliance.[39] The Board's rules provide that a document obtained from the Internet which identifies its date of publication or date that it was accessed and printed, and its source (i.e., the URL), is self-authenticating and may be submitted as evidence under a notice of reliance. *See* Trademark Rule 2.122(e)(2); *Safer,* 94 USPQ2d at 1039 (a document obtained from the Internet displaying a date and its source is regarded as presumptively true and genuine). A URL and date appearing on the face of Internet documents submitted under cover of testimony also is sufficient to establish authentication. *Rocket Trademarks Pty Ltd. v. Phard S.p.A.*, 98 USPQ2d 1066, 1070-71 (TTAB 2011).

---

[37] The Board's institution order informs all parties that any stipulations must be approved by the Board. *See* 2 TTABVUE 4.

[38] *See id.* at 108-09.

[39] *Id.* at 7-8.

Alternatively, when Internet documents are submitted by witness testimony, the witness may identify and authenticate such documents. The degree of authentication required depends on what the party offering the evidence seeks to establish.[40] *See* TBMP § 704.08(b). The absence of URL or date alone, therefore, is not a valid basis to strike the testimony exhibits from the record, if authentication is otherwise established.

Turning, then, to the issue of whether the declarations establish sufficient authentication of the documents, the Board notes that its decision in *Moke*, 2020 USPQ2d 10400, at *5, established that a party may seek to reopen its testimony period in the face of a curable objection as to authentication in order to supplement its testimony. Opposer did not seek to do so here. Instead, Opposer stands on its declarations and contends that authenticity is established because the declarants "testify as to the veracity of these documents."[41] *See* Fed. R. Evid. 901(b)(1) (a party may satisfy the requirement to authenticate or identify an item of evidence by offering "[t]estimony that an item is what it is claimed to be.").

A determination as to whether testimony declarations provide sufficient foundation to authenticate proffered evidence necessarily requires a review of their contents. Accordingly, the appropriate course in this situation is to defer a decision on the objection until final decision. *See Moke*, 2020 USPQ2d 10400, at *6

---

[40] The Board further notes there is no requirement corresponding to Trademark Rule 2.122(e)(2) for documents submitted as exhibits to witness testimony.

[41] 24 TTABVUE 8.

(recognizing that a determination regarding an objection to admissibility may be deferred to final decision).

In view thereof, Applicant's motion to strike in part the testimony declarations of Mr. Stevenson and Mr. Watterson and accompanying exhibits based on lack of authentication is **deferred** until final decision (if such objections are renewed as set forth further herein).

### 2. Hearsay (Federal Rule of Evidence 803)

Applicant moves to strike paragraphs 3 (Exhibit A), 4 (Exhibit B), 5 (Exhibit C), 9 (Exhibit F), 12 (Exhibit I), and 13 (Exhibit J) of Mr. Stevenson's testimony declaration and paragraphs 8 (Exhibit D, E, and F), 14 (Exhibits G, H, I, J, and K), 21 (Exhibit L), 26 (Exhibit M), 29 (Exhibit O), and 34 (Exhibit R) of Mr. Watterson's testimony declaration as containing inadmissible hearsay.[42] Applicant contends Opposer has not established the applicability of the "business records exception to the hearsay rule in Federal Rules of Evidence § 803."[43]

Opposer counters that the witnesses' testimony regarding Opposer's business practices are not hearsay, and the corresponding exhibits are offered not for the truth

---

[42] The declarations embed images of the attached exhibits.

[43] *See* 20 TTABVUE 6-10. Fed. R. Evid. 803(6) provides that "[a] record of an act, event, condition, or diagnosis" is not excluded by the rule against hearsay if: "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

of the matter asserted therein, but rather "for the purpose of showing the information available on the Internet on a particular day", "to illustrate use of the IFIT Mark in connection with apparel."[44] Alternatively, Opposer argues that, if the documents do contain hearsay, they would fall within the business records exception of Rule 803(6) because each testifying witness "states in each declaration that these printouts were created in the regular course of business."[45]

Again, Opposer does not seek to reopen its testimony period to supplement the testimony declarations, *cf. Moke*, 2020 USPQ2d 10400, at *5, but rather argues that the declarations meet the relevant foundational standards. Determining whether testimony declarations and exhibits contain inadmissible hearsay if considered for the truth of the matter asserted therein, or whether they may be considered if offered for another purpose, would require the Board to review the subject declarations and exhibits.

Accordingly, Applicant's motion to strike Mr. Stevenson's and Mr. Watterson's testimony declarations to the extent they contain inadmissible hearsay is **deferred** until final decision (if such objections are renewed as set forth further herein).

### 3. Other Objections

Turning to Applicant's other objections, Applicant moves to strike Exhibit K to Mr. Watterson's testimony declaration because the exhibit (an Internet website printout) "apparently lists a link, but that link leads to an untraceable WordPress

---

[44] 20 TTABVUE 9, 10 (citations omitted); *see also id.* at 12 (television advertisements not offered to prove truth of matter asserted therein).

[45] *Id.* at 11.

website."[46] Opposer disagrees that the page is not active, but also argues that "Applicant cites no authority saying that the document must be stricken if the page is no longer publicly accessible."[47]

As best as the Board understands Applicant's argument, Applicant appears to contend that the challenged exhibit should be stricken because the URL printed on the document no longer resolves to an active website page. The Board's rules, however, require the submission of printed Internet materials (as opposed to, for example, a hyperlink) *because* websites are impermanent. *See TV Azteca, S.A.B. de C.V. v. Martin*, 128 USPQ2d 1786, 1789 n.15 (TTAB 2018) (Internet link alone is insufficient to make an exhibit of record because information displayed at a hyperlink's internet address is impermanent; document made of record because it was submitted as an exhibit to a declaration). As the Board stated in *Safer*: "Due to the transitory nature of the Internet, the party proffering information obtained through the Internet runs the risk that the website owner may change the information contained therein. However, any relevant or significant change to the information submitted by one party is a matter for rebuttal by the opposing party." 94 USPQ2d at 1039. Applicant's motion to strike Exhibit K to Mr. Watterson's testimony declaration is **denied**. The probative value of Exhibit K will be determined at final hearing.

---

[46] *Id*. at 9. *See* 18 TTABVUE 44 (public version).

[47] 24 TTABVUE 7.

Finally, Applicant moves to strike paragraphs 37-44 of Mr. Watterson's testimony declaration because they consist of "legal arguments in favor of Opposer's contention that confusion is likely."[48] Opposer counters that "Mr. Watterson can testify as to his opinion regarding whether there is likely to be confusion between the parties' marks as they are used in commerce. Furthermore, these paragraphs include factual statements—not just Mr. Watterson's opinions."[49]

A determination of whether Mr. Watterson's declaration contains inadmissible testimony requires the Board to review his declaration. Accordingly, Applicant's motion to strike paragraphs 37-44 of Mr. Watterson's testimony declaration is **deferred** until final decision (if such objections are renewed as set forth further herein).

### III. Summary; Proceedings Resumed

In summary, Opposer's corrected Notice of Reliance No. 4 is **accepted** and made of record. Amended Notice of Reliance No. 5, as construed herein, is **accepted** and made of record. Applicant's motion to strike is **denied** as to: (1) Notice of Reliance No. 7 and Exhibit 16; (2) Paragraph 6 and Exhibit K to the testimony declaration of Emily Wilson; and (3) Exhibit K to the testimony declaration of Chase Watterson. The amended testimony declaration of Emily Wilson is given no further consideration.

---

[48] 20 TTABVUE 11.

[49] 24 TTABVUE 12.

The remainder of Applicant's motion to strike is **deferred** until final decision. Opposer, having made timely objections to the evidence, should renew its objections in its brief on the case, in an appendix to the brief on the case, or in a separate statement of objections filed with the brief on the case, or they will be considered waived. *See, e.g., Wet Seal Inc. v. FD Mgmt. Inc.*, 82 USPQ2d 1629, 1632 (TTAB 2007) (objection to testimony waived when not renewed in brief). *See also* TBMP § 707.04.

In its discretion, the Board **suspends** the proceeding for an additional **30 days** from the date of this order to allow the parties time to finalize and submit their previously agreed-to stipulation regarding authenticity of documents, and any other appropriate agreements regarding admission of trial evidence, for Board approval, failing which the purported stipulation will be given no consideration.[50]

Following the suspension, the proceeding will resume automatically on the following schedule:

| | |
|---|---|
| Defendant's Pretrial Disclosures Due | 6/14/2022 |
| Defendant's 30-day Trial Period Ends | 7/29/2022 |
| Plaintiff's Rebuttal Disclosures Due | 8/13/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 9/12/2022 |
| Plaintiff's Opening Brief Due | 11/11/2022 |
| Defendant's Brief Due | 12/11/2022 |
| Plaintiff's Reply Brief Due | 12/26/2022 |
| Request for Oral Hearing (optional) Due | 1/5/2023 |

---

[50] The parties are encouraged to contact the assigned Interlocutory Attorney via telephone for assistance in drafting a stipulation regarding the admission of trial evidence.

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or **evidence**, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered - use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing.

**Note:** Parties are strongly encouraged to check the entire document before filing.[51]

The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the **ESTTA help** webpage.

---

[51] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.